# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| VIPRA SHAH<br>820 153rd Ave. NE<br>Apt C203<br>Bellevue, WA 98007<br>**Plaintiff,**<br><br>-against-<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES,<br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br>and<br><br>KATHY A. BARAN<br>Director of the United States Citizenship and<br>Immigration Services' California Service Center<br>Laguna Niguel, CA 92677-0590<br><br>**Defendants.** | Case No.:<br><br>COMPLAINT |

## COMPLAINT

## BACKGROUND

1. This case seeks review under the Administrative Procedure Act of a decision of the defendants in File Nos. WAC2021750153 and A114-699-029, denying a petition by a U.S. employer, Populus Group LLC, to classify the plaintiff, Vipra Shah (*hereinafter* "Ms. Shah"), as an H-1B nonimmigrant so that it might employ her on a temporary basis in a "specialty occupation" pursuant to 8 U.S.C. § 1101(a)(15)(H)(i)(B).

2. As will be shown, the USCIS' decision denying Populus Group LLC's petition to classify Ms. Shah as an H-1B nonimmigrant was arbitrary and capricious because it ignored important evidence contradicting its position that Populus Group LLC did not establish that Ms. Shah had a bachelor's degree in a specialty needed for the position in which Populus Group wished to employ her.

## THE COURT HAS SUBJECT JURISDICTION OVER THIS ACTION.

3. This being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 551, *et. seq.*, a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

## THE PLAINTIFF HAS STANDING TO BRING THIS ACTION

4. As the D.C. Circuit Court of Appeals said in finding that the beneficiary of a labor certification filed by a potential employer had standing to seek judicial review under the Administrative Procedure Act (APA) of its denial, even though the prospective employer was not a party to the action:

> neither the statute's text, structure, nor legislative history supplies the requisite "clear and convincing evidence" of a preclusive purpose. *Abbott Labs. v. Gardner*, 387 U.S. 136, 141, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967); *see also Shook v. District of Columbia Fin. Responsibility & Management Assistance Auth.*, 328 U.S. App. D.C. 74, 132 F.3d 775, 778-79 (D.C. Cir. 1998). Unlike in *Block v. Community Nutrition Inst.*, 467 U.S. 340, 348, 81 L. Ed. 2d 270, 104 S. Ct. 2450 (1984), for example, where the statute itself set forth a regulatory regime that omitted mention of certain parties, giving rise to an inference that those parties were precluded from litigating in court, *see Block*, 467 U.S. at 349, there is no indication here that Congress itself considered the mechanism by which the Secretary of Labor would make labor certification decisions, or how (and at the request of whom) such decisions would be reviewable in the federal courts. And while the legislative history indicates that Congress intended to restrict further the admission of alien workers when it amended the statute in 1965, *see* S. REP. No. 748, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S. CODE CONG. & ADMIN. NEWS 3328, 3333, that does not speak to the question whether the class of aliens deserving of admission under the statute have standing to challenge in court the Secretary's decision to the contrary. The regulatory regime is completely a creation of the Labor Department's regulations, and under the Administrative Procedure Act, it is only statutes, not agency regulations, that can preclude otherwise available judicial review. *See* 5 U.S.C. § 701(a)(1); *Gladysz*, 595 F. Supp. at 53-54. In light of the presumption of judicial review, *see McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991); *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986), we cannot conclude (despite our suspicions) that Congress intended to preclude the alien from challenging labor certification denials without the alien's employer. *See Block*, 467 U.S. at 351 (holding that, where substantial doubt about congressional intent exists, the general presumption favoring judicial review is controlling).

*Ramirez v. Reich*, 156 F.3d 1273, 1276 (1998)

5. Here, likewise, neither the Immigration and Nationality Act (INA)'s text, structure nor legislative history supplies the requisite "clear and convincing purpose" of an intent to preclude the beneficiary of a nonimmigrant visa petition from seeking judicial review of its denial.

6. Accordingly, here as in *Ramirez*, there is no basis for concluding that Congress intended to preclude the beneficiary of an application for immigration benefits filed by her

3

prospective employer from seeking judicial review of a denial of the same without said employer.

7. Therefore the plaintiff has standing to bring this action even without her prospective employer as a party.

## PLAINTIFF HAS NO ADMINISTRATIVE REMEDIES TO EXHAUST

8. A beneficiary has no right to administratively appeal a USCIS denial of her employer's petition to classify her as an H-1B nonimmigrant, 8 C.F.R. §214.2(h)(10)(ii), nor the denial of her application for change of status. *Id.* Therefore she cannot be said to have failed to exhaust her administrative remedies, because she has none.

## STATEMENT OF RELEVANT FACTS

9. On June 10, 2020, Populus Group, LLC (Populus) filed a Petition for a Nonimmigrant Worker (Form I-129), with the defendants seeking to classify Vipra Shah as a temporary worker in a specialty occupation (H-1B) under Section 101(a)(15)(H)(i)(B) of the Immigration and Nationality Act (INA) with a concurrent request for change of status.

10. The petition indicated that Populus wished to employ Ms. Shah as a Software Development Engineer In Test.

11. On September 29, 2020, the defendants issued a decision regarding that petition, stating in relevant part that:

> USCIS will continue to analyze the evidence of record to determine whether the proffered position as described would qualify as a specialty occupation. When attempting to establish whether the position is a specialty occupation, you must show that the position meets at least one of four criteria at 8 CFR § 214.2(h)(4)(iii)(A). USCIS will now discuss each criterion in turn:

4

> 1. A bachelor's or higher degree or its equivalent is normally the minimum requirement for entry into the particular position.
> USCIS routinely consults the U.S. Department of Labor's Occupational Outlook Handbook (OOH) for information about the educational requirements of particular occupations. You provided a certified Labor Condition Application (LCA) from the DOL that the proffered position is a Software Quality Assurance Engineers and Testers occupation. The OOH does not describe the educational requirements for this occupation. When the OOH does not provide information regarding the educational requirements for certain occupations, it is your responsibility to provide probative evidence (e.g., documentation from other objective, authoritative sources) that supports a finding that the particular position qualifies as a
> specialty occupation. Here, you did not provide such evidence.
> -
> -...
> As a result, the proffered position cannot be considered to have met this criterion....

12. Therefore, the defendants denied Populus' petition upon Ms. Shah's behalf and, accordingly, her Application for a Change of Nonimmigrant Status to H-1B.

13. However, another reported titled for the Software Quality Assurance Engineers and Testers occupation is "QA Analyst". https://www.onetonline.org/link/summary/15-1199.01

14. QA Analyst is classified by the Occupational Outlook Handbook as a "specialized systems analyst". Bureau of Labor Statistics, U.S. Department of Labor, *Occupational Outlook Handbook*, Computer Systems Analysts, on the Internet at https://www.bls.gov/ooh/computer-and-information-technology/computer-systems-analysts.htm (visited *October 20, 2020*).

15. The OOH further provides that "a bachelor's degree in a computer or information science field is common" to the occupation of Systems Analyst.

16. "Common" is synonymous with "normal". https://www.merriamwebster.com/thesaurus/normal.

## CAUSES OF ACTION

### COUNT I

**THE DEFENDANTS' DECISION DENYING POPULUS' PETITION WAS ARBITRARY AND SO SHOULD BE HELD UNLAWFUL AND SET ASIDE BECAUSE IT IGNORED CRITICAL FACTS CONTRADICTING ITS CONCLUSION THAT THE OFFERED POSITION DID NOT NORMALLY REQUIRE THE ATTAINMENT OF A BACHELOR'S DEGREE OR HIGHER IN A SPECIFIC SPECIALTY, OR ITS EQUIVALENT, AS A MINIMUM FOR ENTRY INTO THE OCCUPATION IN THE UNITED STATES.**

17. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an <u>agency action</u>. The reviewing court shall—
>
> ...
>
> **(2)** hold unlawful and set aside <u>agency action</u>, findings, and conclusions found to be—
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

18. ("[A]n agency cannot ignore evidence contradicting its position." *See, e.g., Genuine Parts Co. v. EPA*, 890 F.3d 304, 312 (D.C. Cir. 2018), *quoting Butte Cty. v. Hogen*, 613 F.3d 190, 194, 392 U.S. App. D.C. 25 (D.C. Cir. 2010)).

19. By ignoring critical information from the Occupational Outlook Handbook that Ms. Shah's proffered occupation commonly (that is to say, normally) requires a bachelor's degree in a computer or information science field, the USCIS acted arbitrarily and capriciously. *See Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs.*, Civil Action No. 18-2015 (RC), 2018 U.S. Dist. LEXIS 196284, at *23 (D.D.C. Nov. 19, 2018).

WHEREFORE this Court should hold unlawful and set aside the defendants' decision denying Populus' petition upon Ms. Shah's behalf.

## COUNT II

### INASMUCH AS THE DENIAL OF POPULUS'S PETITION WAS ARBITRARY SO TOO WAS THE DENIAL OF MS. SHAH'S APPLICATION FOR CHANGE OF NOIMMIGRANT STATUS

20. The sole ground for the denial of Ms. Shah's application to change her nonimmigrant status from F-1 to H-1B was the arbitrary and capricious denial of Populus's petition upon her behalf. Therefore it too should be held unlawful and set aside.

## CONCLUSION

Both the Decisions complained of in this action were arbitrary and so should be held unlawful and set aside. Further, inasmuch as the defendants' arbitrary decisions have unreasonably delayed a proper adjudication in this matter, the defendants should be compelled to render a new decision in both matters within no more than thirty (30) days of the date of this Court's Order setting them aside. 5 U.S.C. § 706(1).

Respectfully Submitted this      day of October, 2020

s/*Michael E. Piston*
Michael E. Piston (MI 002)
225 Broadway Suite 307
New York, NY 10007
646/845-9895
Fax: 206-770-6350
Michaelpiston4@gmail.com